STATE OF NORTH CAROLINA,
v.
ALEXIS NOE BAUTISTA.
No. COA09-711.
Court of Appeals of North Carolina.
Filed February 16, 2010.
This case not for publication.
Attorney General Roy Cooper, by Assistant Attorney General Jay L. Osborne, for the State.
Charlotte Gail Blake, for defendant-appellant.
CALABRIA, Judge.
Alexis Noe Bautista ("defendant") appeals an order denying his motion to suppress his statements. Defendant was convicted of trafficking in cocaine by possession. We affirm.

I. BACKGROUND
At approximately 5:35 a.m. on 3 May 2007, Officer J.C. Smithey ("Officer Smithey") of the Newton Police Department ("NPD") along with other NPD officers executed a search warrant at defendant's residence in Newton, North Carolina. Defendant was not present at this time. Officer Smithey entered the residence and placed a copy of the search warrant on the coffee table in defendant's living room. The officers subsequently searched the residence and recovered, inter alia, $1,047.00 in U.S. currency and a clear plastic bag containing a substance that later was determined to be cocaine. Officer Smithey then photographed the substance and placed the contents in an evidence bag ("the bag"). The bag was then placed inside the search kit, a clear plastic container sitting on the coffee table.
At approximately 6:15 a.m., Officer Smithey noticed that defendant had arrived at the residence and was standing in the living room near the coffee table. Officer Smithey then restrained defendant with handcuffs and asked him to sit on the sofa. Officer Smithey introduced himself and stated that his purpose for executing a search warrant was to search the residence for cocaine. Without saying anything else to defendant, Officer Smithey immediately picked up the bag to show defendant what the officers found in the residence. When Officer Smithey picked up the bag, defendant immediately dropped his head and stated, "I know, but I don't do a lot." When Officer Smithey put the bag down, defendant asked, "Did someone turn me in?" Officer Smithey subsequently told defendant that officers had also seized $1,047.00 in U.S. currency, and explained to defendant that the probable cause for the search was stated in the search warrant.
Defendant was subsequently arrested and indicted for trafficking in cocaine by possession, possession with intent to sell or deliver cocaine, and possession of drug paraphernalia. On 10 September 2008, defendant filed a motion to suppress his statements made to Officer Smithey. At the suppression hearing, Officer Smithey testified that he had worked as a narcotics officer for approximately five years and had participated in the execution of more than fifty search warrants in narcotics cases. He further testified that he routinely showed suspects items that he recovered from their residences. Officer Smithey stated that the purpose for showing the items to the suspects was to make them aware of the items that were taken. Officer Smithey followed the same procedure in the instant case for the same purpose. According to Officer Smithey, no previous suspects had admitted owning items seized from residences in the execution of search warrants in narcotics cases. Defendant did not offer rebuttal evidence. On 26 November 2008, the trial court denied defendant's motion.
On 15 December 2008, defendant pled guilty to trafficking in cocaine by possession, and the State dismissed the other charges. Defendant reserved his right to appeal the trial court's denial of his motion to suppress. The court then sentenced defendant to a minimum term of 35 months to a maximum term of 42 months in the custody of the North Carolina Department of Correction. From the order denying the motion to suppress, defendant appeals.

II. MOTION TO SUPPRESS
Defendant argues that the trial court erred in denying his motion to suppress because Officer Smithey's actions were the functional equivalent of interrogation, and defendant had not received Miranda warnings prior to his statements to Officer Smithey. More specifically, defendant argues that the trial court erred in concluding as a matter of law that: (1) Officer Smithey's action of showing defendant the seized cocaine was not reasonably likely to evoke an incriminating response nor was it designed to; (2) Officer Smithey's action of showing defendant the seized cocaine was not "express questioning" or its "functional equivalent"; (3) that defendant's statements to Officer Smithey were spontaneous utterances and were not made in response to any interrogation; and (4) that defendant's constitutional rights were not violated. We disagree.
"The standard of review to determine whether a trial court properly denied a motion to suppress is whether the trial court's findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law." State v. Young, 186 N.C. App. 343, 347, 651 S.E.2d 576, 579 (2007) (citation and internal quotation marks omitted), appeal dismissed, 362 N.C. 372, 662 S.E.2d 394 (2008). "Miranda warnings protect a defendant from coercive custodial interrogation by informing the defendant of his or her rights." State v. Al-Bayyinah, 359 N.C. 741, 749, 616 S.E.2d 500, 507 (2005) (citation omitted). "`Interrogation,' as conceptualized in the Miranda opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself." Rhode Island v. Innis, 446 U.S. 291, 300, 64 L.Ed. 2d 297, 307, 100 S.Ct. 1682, 1689 (1980) (footnote omitted). Interrogation is not limited to express questioning by law enforcement officers. State v. Ladd, 308 N.C. 272, 280, 302 S.E.2d 164, 170 (1983). "The term `interrogation' under Miranda also refers to `any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.'" Id. at 281, 302 S.E.2d at 170 (quoting Innis, 446 U.S. at 301, 64 L.Ed. 2d at 308, 100 S.Ct. at 1689-90).
"The fact that an investigating officer confronts a person in custody with evidence of his implication in a crime or evidence from the crime scene does not amount to `interrogation' within the meaning of Miranda." State v. Williams, 308 N.C. 47, 61, 301 S.E.2d 335, 344 (1983) (citations omitted). The mere fact that incriminating statements are made after a defendant is confronted with circumstances normally calling for an explanation is insufficient to render the statements incompetent. State v. Temple, 302 N.C. 1, 8, 273 S.E.2d 273, 278 (1981). Excited utterances by a suspect are not protected by Miranda. State v. Mack, 81 N.C. App. 578, 581-82, 345 S.E.2d 223, 225 (1986).
As an initial matter, we note that the trial court's order contains 26 findings of fact, and defendant assigned error only to findings of fact 9, 10, 12, 18, 21, and 22. However, defendant failed to argue findings 9 and 12 in his brief. Therefore, those corresponding assignments of error are abandoned pursuant to N.C. R. App. P. 28(b)(6) (2009). In the absence of arguments, all findings of fact are viewed as supported by competent evidence and are binding on this Court. See State v. Watkins, 337 N.C. 437, 438, 446 S.E.2d 67, 68 (1994) (Findings of fact which are not excepted to are binding on appeal.). Findings of fact 10, 18, 21, and 22 state:
10. As other law-enforcement officers searched the residence, Smithey remained in the living room of the apartment.
...
18. As Smithey was showing the cocaine to [defendant], he also told him they had found $1,047.00 which had also been seized.
...
21. Smithey did not show Defendant the cocaine in expectation that Defendant would say anything, but rather to explain the search warrant and to show him what was found.
22. It is Investigator Smithey's standard operating procedure to tell residents what items have been seized from their homes. He had followed this procedure on approximately 50 prior occasions. His purpose in giving this information to the residents was to make them aware of what has been taken from their homes.
In the instant case, Officer Smithey's uncontradicted testimony shows that when defendant arrived at the residence, Officer Smithey restrained him in handcuffs and placed him on the sofa in the living room. Officer Smithey then told defendant that other officers were in the residence executing the search warrant. Officer Smithey then showed the cocaine to defendant and told him officers had found $1,047.00 in defendant's residence. During Officer Smithey's five years as a narcotics officer, he had executed in excess of fifty search warrants. It was part of his normal routine and procedure to show suspects the items seized as a result of the execution of a search warrant. Officer Smithey used this same procedure to explain to defendant the items officers were removing from the premises. Neither Officer Smithey nor an objective observer with Officer Smithey's knowledge of the suspect would reasonably conclude that Officer Smithey's actions were designed to elicit an incriminating response. "Nor was the presentation of evidence in this case the type of `subtle coercion' prohibited under the holding in Miranda." Temple, 302 N.C. at 8, 273 S.E.2d at 278. The evidence supports the trial court's findings of fact, and the findings support the conclusions of law. Defendant's assignments of error are overruled.

III. CONCLUSION
Defendant's assignments of error not argued in his brief are abandoned pursuant to N.C. R. App. P. 28(b)(6) (2009). The trial court properly denied defendant's motion to suppress.
Affirmed.
Judges WYNN and BEASLEY concur.
Report per Rule 30(e).